UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PAUL JAY VANPORTFLIET,

       Plaintiff,                              Hon. Janet T. Neff

v.                                                Case No. 1:13-cv-1197

WELLS FARGO HOME
MORTGAGE, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

       This matter is before the Court on Defendant's Motion to Dismiss, (Dkt. #6), Defendants' Motion to Dismiss, (Dkt. #10), Defendants' Motion to Dismiss, (Dkt. #39), Defendant's Motion to Dismiss and for Default Judgment and Injunction, (Dkt. #46), Defendants' Motion to Dismiss, (Dkt. #52), Defendants' Motion to Dismiss, (Dkt. #73), Defendant's Motion to Dismiss, (Dkt. #76), and Defendant's Motion for Judgment on the Pleadings, (Dkt. #82). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions all be **granted** and this matter terminated.


## BACKGROUND

       Plaintiff initiated an action, without benefit of counsel, on November 1, 2013, against the following individuals and entities: (1) Wells Fargo Home Mortgage; (2) Wells Fargo Bank; (3) Howard Atkins; (4) Trott & Trott, P.C.; (5) James Batchelor; (6) State of Michigan; (7) 59th District Court; (8) John Doe Court Officers; (9) Robert Kinggo, III; (10) Craig Noland; (11) John Mullett; (12) McGraw Morris PC; (13) Crystal Morgan; (14) Bloom Sluggett Morgan PC; (15) Christopher Breay; and (16)

McShane & Bowie PLC. (Dkt. #1). Plaintiff subsequently amended his complaint on February 4, 2014. (Dkt. #35). On March 5, 2014, Plaintiff initiated in state court an action against Wells Fargo Bank seeking to overturn the judgment evicting him from the property in question. Defendant Wells Fargo Bank removed the matter to this Court, after which the matter was consolidated with the action described immediately above.

The precise nature of Plaintiff's action is difficult to discern from his complaint. Plaintiff asserts that he is "a divine Being" who is "seeking a remedy in Admiralty" for "the improper and unlawful actions/political crimes which include: identity theft, piracy, fraud, fraud upon the court, conspiracy, racketeering, extortion and warring against the constitution." Nevertheless, a close examination of Plaintiff's complaint, along with Defendants' various submissions related thereto, reveals that Plaintiff is simply challenging the foreclosure and repossession of a certain piece of real estate. The basic facts are as follows.

On August 25, 2003, Plaintiff borrowed from Wells Fargo Home Mortgage $302,000.00 (three hundred two thousand dollars). (Dkt. #46, Exhibit 1). As security for this loan, Plaintiff executed a mortgage concerning Plaintiff's residence located at 1011 Timber Winds Drive, Walker, Michigan, 49544. (Dkt. #46, Exhibit 1). Plaintiff later defaulted on his mortgage and the property in question was purchased by Wells Fargo bank at a Sheriff's sale conducted on January 30, 2013. (Dkt. #46, Exhibit 2). As discussed below, once Plaintiff defaulted on his mortgage he delayed the sale and repossession of his home for several years by initiating several meritless actions in state and federal court. The present action is merely a continuation of Plaintiff's strategy of obstreperousness.

Defendants have all moved to dismiss the claims asserted in the lead action on the ground that such fail to state a claim on which relief may be granted. Plaintiff has failed to respond to any of

Defendants' motions. Several Defendants also move to recover the fees and costs incurred in defending the present action. Defendant Wells Fargo Bank has also asserted against Plaintiff various counterclaims. (Dkt. #23). With respect to its counterclaims, Wells Fargo now moves for entry of default judgment and permanent injunction against Plaintiff. As for the claims asserted by Plaintiff in the companion case, Wells Fargo moves for dismissal. As discussed herein, the undersigned recommends that Defendants' motions all be granted and both actions terminated.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

I.        **Defendants' Motions to Dismiss**

Plaintiff's complaint is replete with vague accusations and conclusory statements that Defendants acted dishonestly and unlawfully, as well as various demands for relief. However, Plaintiff has failed to allege *facts*, which if accepted as true, would entitle him to prevail on any claim or against any Defendant. Accordingly, the undersigned recommends that Plaintiff's claims be dismissed for failure to state a claim on which relief may be granted.

It also appears that at least a portion of the claims in Plaintiff's complaint involve a challenge to a state court decision concerning the property in question. Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction. A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing judgments of the state courts. As the Supreme Court has long recognized, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (the federal district courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *see also*, *Durham v. Haslam*, 2013 WL 2665786 at *3 (6th Cir., June 13, 2013) ("federal appellate jurisdiction over a state court decision lies exclusively with the Supreme Court, and not lower federal courts"). To the extent, therefore, that Plaintiff is challenging unsatisfactory decisions rendered in state court

proceedings, the undersigned recommends that such claims be dismissed on the ground that this Court lacks the jurisdiction to resolve such.

**II.     Wells Fargo's Motion for Default Judgment**

On December 17, 2013, Wells Fargo Bank asserted various counterclaims against Plaintiff. (Dkt. #23). In its counter-complaint, Wells Fargo alleges that following the sale and repossession of Plaintiff's residence, Plaintiff "recorded several instruments with the Kent County Register of Deeds against the Property that are false" and that such recordings "remain[] of record and is a cloud on the title of Wells Fargo." Wells Fargo asserts the following causes of action: (1) quiet title; (2) unlawful encumbrance of property; and (3) slander of title.

Plaintiff did not answer Wells Fargo's counter-complaint and on January 15, 2014, default was entered against Plaintiff. (Dkt. #29). On January 22, 2014, the undersigned issued an Order instructing Plaintiff that he had until February 5, 2014, to file a motion to set aside default. (Dkt. #34). Wells Fargo was also instructed that it had until February 12, 2014, to file a motion for default judgment. (Dkt. #34). On February 12, 2014, Wells Fargo moved to dismiss Plaintiff's claims and, furthermore, with respect to its counter-complaint, moved for default judgment and the entry of a permanent injunction. (Dkt. #46). Plaintiff has failed to respond to Wells Fargo's pleading.

Once default has been entered against a defendant, the Court must accept as true all well-pleaded allegations in the complaint. *See AF Holdings LLC v. Bossard*, 976 F.Supp.2d 927, 929 (W.D. Mich. 2013). Thus, the entry of default against Plaintiff "conclusively establishe[s]" that Plaintiff is liable on all counts of Wells Fargo's counter-complaint. Such does not necessarily entitle Wells Fargo to the entry of a default judgment as such "is within the Court's discretion." *Id.* In light of the facts and

circumstances of this matter, the undersigned finds that entry of default judgment is appropriate in this matter. *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2685. Having recommended the entry of default judgment, the Court must determine the relief to which Wells Fargo is entitled. Wells Fargo requests various forms of injunctive relief as well as attorneys fees and costs.

A.     Quiet Title

Defendant first requests that the Court "enter Judgment quieting title to the Property in Wells Fargo." Under Michigan law, any party "who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action. . .against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff." Mich. Comp. Laws § 600.2932. The purpose of a quiet title action "is to determine the existing title to property by removing any cloud therefrom." *In re Carini Estate*, 2012 WL 2362397 at *6 (Mich. Ct. App., June 21, 2012) (citations omitted). In a quiet title action, the plaintiff "has the burden of proof and must establish a prima facie case of title and, if the plaintiff does so, the defendant has the burden to prove superior right or title." *Id.* (citation omitted). Wells Fargo has established that it holds lawful title to the property in question. Counter-Defendant Van Portfliet has failed to respond to Wells Fargo's motion or otherwise establish that he possesses any right or interest in the subject property. Accordingly, the undersigned recommends that Wells Fargo's request to quiet title be granted.

B.     Nullification of the VanPortfliet Recordings

Plaintiff has filed with the Kent County Register of Deeds several false and frivolous instruments designed, it seems obvious, to impair Wells Fargo possession and enjoyment of the property

in question. For example, Plaintiff filed a "Notice of Claim of Maritime Lien" in which he alleges to assert a maritime lien (in the amount of one-hundred ninety million dollars) against the property in question. (Dkt. #23, Exhibit 3). Plaintiff filed a "Certificate of Acknowledgment" in which he asserts that he is the lawful owner of the property in question. (Dkt. #23, Exhibit 4). Plaintiff filed a "Notice of Lis Pendens" in which he asserts ownership of the property in question. (Dkt. #23, Exhibit 5). Plaintiff filed an "Affidavit Rebutting Fraudulent Sheriff's Deed" in which he asserts a "commercial lien" against the property in question. (Dkt. #23, Exhibit 6). Plaintiff filed a "Notice of Final Determination and Judgment in Nihil Dicit" in which Plaintiff asserts entitlement to payment from Wells Fargo in the amount of eleven million dollars. (Dkt. #23, Exhibit 7). Plaintiff filed an "Act of State Reaffirmation of Character and Renunciation of Attempted Expatriation" in which he asserts that the United States, the State of Michigan, Kent County, and the City of Grand Rapids are all "corporations, fraudulent and non-existent in the Law." (Dkt. #23, Exhibit 8).

    Asserting that these recordings slander its title to the property in question, Wells Fargo requests that the Court enter an Order nullifying and discharging these various recordings. Wells Fargo has established that it holds lawful title to the property in question. Moreover, the Court finds that the aforementioned recordings by Plaintiff are frivolous, have been advanced for no legitimate purpose, and impair Wells Fargo's title to the property in question. Accordingly, the undersigned recommends that the Court enter an Order nullifying and discharging the aforementioned recordings.

    C.  Prohibition on Future Recordings and Lawsuits

   Wells Fargo also requests that the Court enter an Order prohibiting Plaintiff (or anyone acting on his behalf) "from filing any further actions of any kind in the federal courts, and from recording

with the Kent County Register of Deeds any further instruments or documents," without first obtaining leave of this Court. The Court finds this request to be a bit broad. Wells Fargo certainly has an interest in preventing Plaintiff from submitting frivolous matters to the Register of Deeds or initiating unfounded legal actions in this Court, but only to the extent that such activity impacts Wells Fargo's legitimate interests. Accordingly, the undersigned recommends that the Court enter an Order prohibiting Plaintiff (or anyone acting on his behalf) from recording with the Kent County Register of Deeds any further instruments or documents concerning the property in question and further prohibiting Plaintiff from initiating in this Court any legal proceeding concerning the property in question unless Plaintiff first obtains leave of Court, to be granted only upon a showing that the proposed filing or recording has a reasonable basis in fact and law.

**III.         Attorneys' Fees and Costs**

All Defendants, save the State of Michigan and the Unidentified Court Officers, have also moved the Court to award the fees and costs they have incurred in this matter. Plaintiff initiated the present action pursuant to 42 U.S.C. § 1983. Under federal law a prevailing plaintiff may recover his attorneys' fees incurred in prosecuting a § 1983 action. *See* 42 U.S.C. § 1988. The Supreme Court recently clarified that § 1988 also entitles a prevailing defendant to recover reasonable attorney's fees incurred defending against frivolous claims asserted in a § 1983 action. *See Fox v. Vice*, 131 S.Ct. 2205, 2215 (2011); *see also*, *Sagan v. Sumner County Bd. of Educ.*, 501 Fed. Appx. 537, 541 (6th Cir., Oct. 5, 2012) (prevailing defendants may recover attorneys' fees incurred defending frivolous claims).

With respect to costs, Federal Rule of Civil Procedure 54 indicates that costs, other than attorney's fees, "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). As the Sixth

Circuit has observed, this creates "a presumption in favor of awarding costs." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). There exist several factors which the Court may consider when evaluating a motion for the imposition of costs, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs. *Id.* None of these factors weigh in Plaintiff's favor. Moreover, Plaintiff's lack of good faith in initiating this action is sufficiently great to justify imposition of Defendants' reasonable costs.

Plaintiff has a demonstrated history of filing frivolous legal actions and engaging in obfuscatory and abusive litigation tactics. *See*, *e.g.*, *Byron Acquisition LLC v. Van Portfliet*, Case No. 1:11-cv-696, Dkt. #12 (W.D. Mich.) (the Court declined to sanction Van Portfliet, instead placing him "on notice that similar abuses of this Court's time and resources in the future will result in the imposition of appropriate sanctions"); *In re Paul Jay Van Portfliet and Robin Lu Van Portfliet*, Case No. 13-07137, Dkt. #36 (W.D. Bankr.) (in dismissing Van Portfliet's bankruptcy petition, the court found that such "was abusive, was filed to frustrate creditor claims, and should be dismissed with conditions as a bad faith filing").

Every claim asserted by Plaintiff in this matter is frivolous. Accordingly, the undersigned recommends that Defendants are entitled to recover their reasonable attorneys' fees and costs. Specifically, the undersigned recommends that Defendants be ordered to submit to the Court, within 14 days of the adoption of this Report and Recommendation, a bill of costs detailing their costs and attorneys' fees. To the extent that such are reasonable, the undersigned recommends that Plaintiff be ordered to pay such.

**IV.**      **Companion Case**

As previously noted, Plaintiff initiated an action in state court on March 5, 2014, seeking to overturn a judgment evicting him from the property in question. Defendant Wells Fargo Bank removed the action to this Court after which it was consolidated with the aforementioned action. Wells Fargo now moves to dismiss this companion action.

In 2013, Wells Fargo Bank initiated against Van Portfliet a state court action seeking possession of the property in question. *See Van Portfliet v. Wells Fargo*, Case No. 1:14-cv-332, Dkt. #1 at Page ID# 14. Following a hearing, the state court entered judgment in favor of Wells Fargo and awarding to Wells Fargo possession of the property in question. *See Van Portfliet v. Wells Fargo*, Case No. 1:14-cv-332, Dkt. #1 at Page ID# 14. In his subsequently filed state court action, Van Portfliet seeks to overturn this judgment. As Wells Fargo argues, however, the claims asserted in Plaintiff Van Portfliet's companion action are barred by the doctrine of res judicata.

The doctrine of res judicata, also known as claim preclusion, provides that "a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). To apply res judicata, four elements must be satisfied: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Kane*, 71 F.3d at 560 (citation omitted). All the claims asserted by Plaintiff Van Portfliet in this action certainly could have been asserted in the eviction action initiated by Wells Fargo. Moreover, the other elements necessary to apply the doctrine of res judicata are satisfied. Accordingly,

the undersigned recommends that Defendant's motion to dismiss be granted and Plaintiff's companion action be dismissed.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion to Dismiss</u>, (Dkt. #6), <u>Defendants' Motion to Dismiss</u>, (Dkt. #10), <u>Defendants' Motion to Dismiss</u>, (Dkt. #39), <u>Defendants' Motion to Dismiss</u>, (Dkt. #52), <u>Defendants' Motion to Dismiss</u>, (Dkt. #73), <u>Defendant's Motion to Dismiss</u>, (Dkt. #76), and <u>Defendant's Motion for Judgment on the Pleadings</u>, (Dkt. #82) all be **granted** and this matter **terminated**.

The undersigned further recommends that <u>Defendant's Motion to Dismiss and for Default Judgment and Injunction</u>, (Dkt. #46), be **granted** and Defendant Wells Fargo be afforded the relief described herein. Specifically, the undersigned recommends that: (1) Wells Fargo's request to quiet title be granted; (2) the Court enter an order nullifying and discharging the various recordings described herein; and (3) the Court enter an Order prohibiting Plaintiff (or anyone acting on his behalf) from recording with the Kent County Register of Deeds any further instruments or documents concerning the property in question and further prohibiting Plaintiff from initiating in this Court any legal proceeding concerning the property in question unless Plaintiff first obtains leave of Court, to be granted only upon a showing that the proposed filing or recording has a reasonable basis in fact and law.

The undersigned also recommends that Defendants be ordered to submit to the Court, within 14 days of the adoption of this Report and Recommendation, a bill of costs detailing their costs and attorneys' fees and that to the extent such are reasonable, Plaintiff be ordered to pay such.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 18, 2014

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge