UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL JAY VAN PORTFLIET,

    Plaintiff,

v                                                    Case No. 1:13-cv-1197

WELLS FARGO HOME MORTGAGE,        HON. JANET T. NEFF
*et al.*,

    Defendants.
_____

WELLS FARGO BANK,

    Counter-Claimant,

v

PAUL JAY VAN PORTFLIET,

    Counter-Defendant.
_____/

**OPINION AND ORDER**

       Plaintiff, proceeding pro se, initiated this civil action in November 2013, alleging various claims against Defendants based on the foreclosure and repossession of certain real estate. In March 2014, Plaintiff also initiated in state court an action against Wells Fargo Bank, N.A., seeking to overturn the judgment evicting him from the property in question. Defendant Wells Fargo Bank, N.A. removed the eviction action to this Court, No. 1:14-cv-332, where it was consolidated with the lead action. The matter was referred to the Magistrate Judge for handling of all matters under 28 U.S.C. § 636(a) and § 636(b)(1)(A) and for submission of recommendations on dispositive motions

under § 636(b)(1)(B). In the lead action, all Defendants move to dismiss the claims asserted on the ground that the allegations fail to state a claim on which relief may be granted, and several Defendants also move to recover their fees and costs. Further, Defendant Wells Fargo Bank moves for entry of default judgment on its counterclaim and a permanent injunction against Plaintiff. In the companion action, Wells Fargo Bank, N.A. moves for judgment on the pleadings. Plaintiff did not respond to any of the motions. The Magistrate Judge issued a Report and Recommendation (R&R), recommending that Defendants' motions all be granted and both actions terminated (Dkt 87).

The matter is presently before the Court on Wells Fargo Bank's objection to the Report and Recommendation, challenging the scope of the injunction the Magistrate Judge recommends (Dkt 88). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of the portion of the Report and Recommendation to which objection has been made. For the following reasons, the Court denies Wells Fargo Bank's objection and approves and adopts the Report and Recommendation.

I

Wells Fargo Bank initially requested, in pertinent part, an injunction preventing Plaintiff from filing "any further actions of any kinds in the federal courts" (Dkt 46). Subsequently, Wells Fargo Bank represented that Plaintiff had since filed a petition in state court to attack the judgment in the eviction action, and Wells Fargo Bank supplemented its motion for an injunction to request that the scope of the injunction also include any future filings in state courts (Dkt 78).

The Magistrate Judge opined that the requests by Wells Fargo Bank were "a bit broad" (R&R, Dkt 87 at 12). The Magistrate Judge recommends, in pertinent part, an injunction prohibiting

Plaintiff from "initiating in this Court any legal proceeding concerning the property in question unless Plaintiff first obtains leave of Court, to be granted only upon a showing that the proposed filing or recording has a reasonable basis in fact and law" (*id.*). The Magistrate Judge, who noted that Plaintiff has a "demonstrated history of filing frivolous legal actions and engaging in obfuscatory and abusive litigation tactics," determined that "Wells Fargo certainly has an interest in preventing Plaintiff from submitting frivolous matters to the Register of Deeds or initiating unfounded legal actions in this Court;" however, the Magistrate Judge determined that its interest extended only to activity that "impacts Wells Fargo's legitimate interests" (*id.* at 9).

In its objection, Wells Fargo Bank argues that the injunction should include (1) "proposed filings in all federal courts," (2) "any proposed filings in state court," and (3) "filings against Wells Fargo and any of its agents" (Objs., Dkt 88 at 3-5). Further, Wells Fargo Bank argues that the injunction should require Plaintiff to attach to any proposed filing (a) a copy of the injunction, (b) a list of litigation history, (c) the proposed complaint, and (d) a memorandum explaining why Plaintiff believes the proposed complaint is reasonable in both fact and law (*id.* at 5). Wells Fargo Bank argues that given Plaintiff's propensity for filing action after action based on the same fundamental facts, the injunction the Magistrate Judge recommends will have little effect if these "loopholes" are not closed (*id.* at 4).

II

"A district court has the authority to issue an injunctive order to prevent prolific litigants from filing pleadings without first obtaining court approval to do so." *Marbly v. Kay*, No. 00-1530, 238 F.3d 422, at *1 (6th Cir. 2000) (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)). However, courts must use "the

least restrictive sanction necessary to deter the inappropriate behavior." *Hyland v. Stevens*, 37 F. App'x 770, 771 (6th Cir. 2002) (citing *Spallone v. United States*, 493 U.S. 265, 280 (1990)). "In most cases, the preferred approach is to require an abusive litigant to obtain leave of court before filing suit regarding the operative facts that have been the basis for his or her litigiousness." *Id.*

The Court has fully considered Wells Fargo Bank's requests and is persuaded that the Magistrate Judge's recommended injunction is reasonably tailored to the competing interests in this case. First, as to expanding the scope of the injunction to all federal and state courts, the Court is persuaded that, at this point in time, limiting the injunction to legal proceedings initiated in this Court is the least restrictive sanction necessary to deter the inappropriate behavior.

As to whether the injunction should be expanded to include "*any* proposed filings against Wells Fargo Bank and any of its agents," the Court also agrees with the Magistrate Judge that the proper exercise of discretion at this time requires only a screening mechanism for future legal proceedings concerning the facts that have been the basis for Plaintiff's litigiousness, i.e., the property in question. The Magistrate Judge's recommended injunction properly balances Wells Fargo Bank's interest in avoiding duplicative and vexatious litigation with Plaintiff's right of access to the courts.

Last, the Court determines that it is not necessary for the injunction to require Plaintiff to attach the four documents delineated by Wells Fargo Bank. The Magistrate Judge's recommendation to require Plaintiff to obtain leave of Court before initiating a future legal proceeding, and "only upon a showing that the proposed filing or recording has a reasonable basis in fact and law," adequately facilitates this Court's prefiling review.

III

Therefore, the Court denies Wells Fargo Bank's objection to the Report and Recommendation and approves and adopts the Report and Recommendation as the Opinion of the Court. Because this Opinion and Order resolves the last pending claim in these cases, the Court will also enter a Judgment. *See* FED. R. CIV. P. 58. Accordingly:

**IT IS HEREBY ORDERED** that the Objection (Dkt 88) is DENIED, and the Report and Recommendation (Dkt 87) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Dkt 6) is GRANTED.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Dkt 10) is GRANTED.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Dkt 39) is GRANTED.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Dkt 52) is GRANTED.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Dkt 73) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Dkt 76) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant's Motion for Judgment on the Pleadings (Dkt 82) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss and for Default Judgment and Injunction (Dkt 46) is GRANTED, and Defendant Wells Fargo is afforded the relief as described in the Report and Recommendation; specifically, that: (1) Wells Fargo's request to quiet title is GRANTED; (2) the various recordings described therein are NULLIFIED and DISCHARGED; and (3) Plaintiff (or anyone acting on his behalf) is PROHIBITED from recording with the Kent County Register of Deeds any further instruments or documents concerning the property in question and further PROHIBITED from initiating in this Court any legal proceeding

concerning the property in question unless Plaintiff first obtains leave of Court, to be granted only upon a showing that the proposed filing or recording has a reasonable basis in fact and law.

**IT IS FURTHER ORDERED** that Defendants' Bill of Costs, if any, shall be submitted to the Court within 14 days of entry of this Order.


Date:  September 17, 2014                         /s/ Janet T. Neff
                                                  JANET T. NEFF
                                                  United States District Judge